UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 12 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

**CURTIS MUSGROVE**                                                                **PLAINTIFF**

**VERSUS**                                        CIVIL ACTION NO.: 2:14cv 36 KS-MTP

**DISCOVER FINANCIAL SERVICES, INC.;
CAPITAL ONE, NATIONAL ASSOCIATION;
AND BANK OF AMERICA, NATIONAL ASSOCIATION**                **DEFENDANTS**

## COMPLAINT

COMES NOW the above-named Curtis Musgrove, by and through his attorneys Michael Adelman, P.A., and brings this Complaint against Discover Financial Services, Inc., Capital One National Association, and Bank of America National Association, and in support thereof would state as follows, to-wit:

1. Curtis Musgrove is an adult resident citizen of the Eastern Division of the United States District Court for the Southern District of Mississippi.

2. Discover Financial Services, Inc. is a foreign corporation doing business in the State of Mississippi, whose Chairman and CEO is David W. Helms, 2500 Lake Look Road, Riverwoods, Illinois 60015.

3. Capital One, National Association is a foreign corporation doing business in the State of Mississippi whose agent for service of process is Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201-5301.

4. Bank of America National Association is a foreign corporation doing business in the State of Mississippi whose Chairman is Charles C. Holliday, 100 N. Tryon Street, Charlotte, North Carolina 28255.

5. This Honorable Court has jurisdiction over the subject matter and the parties hereto. Plaintiff brings his cause of action pursuant to the Truth in Lending Act, 15 U.S.C.S. §1601 *et. seq.* and the National Bank Act, 12 U.S.C.S. §85 and 86.

## COUNT I

6. In September, 2009, Plaintiff received a cash advancement from Defendant Discover Financial Services, Inc. (hereinafter "Discover") in the amount of One Thousand Four Hundred Dollars ($1,400.00). On September 29, 2009, Plaintiff paid this same amount to Discover by check number 2197 from his account with Hancock Bank located in Hattiesburg, Mississippi. Plaintiff's Discover Card account number ends in 7904.

7. Since September 2009, Plaintiff has continued to make the monthly payments of no less than the minimum due on his account with Discover. Nevertheless, in December, 2013, Plaintiff's statement from Discover shows cash advances in the amount of Seven Thousand Seventy-Two Dollars and forty-eight cents ($7,072.48). This amount is shown as a balance or principal amount owed.

8. 15 U.S.C. §1638 requires "consumer creditors" to meaningfully disclose, in each loan agreement, the loan's finance charge and its annual percentage rate, as well as other pertinent information. Discover's monthly statements fail to comply with the requirements of 15.U.S.C. §1638. While monthly statements include an alleged "annual

percentage rate (APR)", said monthly statements do no show the finance charge and do not explain how an original cash advance in the amount of One Thousand Four Hundred Dollars ($1,400.00) has become, as of December 2013, a cash advance in the amount of Seven Thousand Seventy-Two Dollars and forty-eight cents ($7,072.48).

9. Pursuant to 15 U.S.C. §1640(a), Plaintiff is entitled to recover his actual damages, statutory penalties, court costs and attorney fees.

10. Plaintiff further avers that under 12 U.S.C. §85 and 86, Discover has committed usury by adding continuing interest to Plaintiff's cash advance balance, thereby creating a new principal upon which interest continues to be added. Pursuant to 12 U.S.C. §85 and 86, Plaintiff is entitled to recover his actual damages as well as punitive damages.

## COUNT II

11. Plaintiff incorporates herein paragraphs 1 through 10 of the Complaint as if fully set forth in actual words and figures.

12. In September, 2009, Plaintiff received a cash advancement from Defendant Capital One National Association (hereinafter "Capital One") in the amount of One Thousand Six Hundred Dollars ($1,600.00). On October 9, 2009, Plaintiff paid this same amount to Capital One by check number 2203 from his account with Hancock Bank located in Hattiesburg, Mississippi. Plaintiff's Capital One account number is 4305-7296-6276-0675.

13. Since October 2009, Plaintiff has continued to make the monthly payments of no less than the minimum due on his account with Capital One. Nevertheless, in December,

2013, Plaintiff's statement from Capital One shows cash advances in the amount of Three Thousand Seven Hundred Eighty-Six Dollars and fifty cents ($3,786.50). This amount is shown as a balance or principal amount owed.

14. 15 U.S.C. §1638 requires "consumer creditors" to meaningfully disclose, in each loan agreement, the loan's finance charge and its annual percentage rate, as well as other pertinent information. Capital One's monthly statements fail to comply with the requirements of 15.U.S.C. §1638. While monthly statements include an alleged "annual percentage rate (APR), said monthly statements do no show the finance charge and do not explain how an original cash advance in the amount of One Thousand Six Hundred Dollars ($1,600.00) has become, as of December 2013, a cash advance in the amount of Three Thousand Seven Hundred Eighty-Six Dollars and fifty cents ($3,786.50).

15. Pursuant to 15 U.S.C. §1640(a), Plaintiff is entitled to recover his actual damages, statutory penalties, court costs and attorney fees.

16. Plaintiff further avers that under 12 U.S.C. §85 and 86, Capital One has committed usury by adding continuing interest to Plaintiff's cash advance balance, thereby creating a new principal upon which interest continues to be added. Pursuant to 12 U.S.C. §85 and 86, Plaintiff is entitled to recover his actual damages as well as punitive damages.

## COUNT III

17. Plaintiff incorporates herein paragraphs 1 through 16 of the Complaint as if fully set forth in actual words and figures.

18. In September, 2009, Plaintiff received a cash advancement from Bank of America

National Association (hereinafter "Bank of America") in the amount of Two Thousand Three Hundred Dollars ($2,300.00). On September 29, 2009, Plaintiff paid this same amount to by check number 2196 from his account with Hancock Bank located in Hattiesburg, Mississippi. Plaintiff's Bank of America account number is 5490-354-6236-6609.

19. Since October 2009, Plaintiff has continued to make the monthly payments of no less than the minimum due on his account with Bank of America. Nevertheless, in December, 2013, Plaintiff's statement from Bank of America shows cash advances in the amount of Six Thousand Four Hundred Ninety-Eight Dollars and forty-seven cents ($6,498.47). This amount is shown as a balance or principal amount owed.

20. 15 U.S.C. §1638 requires "consumer creditors" to meaningfully disclose, in each loan agreement, the loan's finance charge and its annual percentage rate, as well as other pertinent information. Bank of America's monthly statements fail to comply with the requirements of 15.U.S.C. §1638. While monthly statements include an alleged "annual percentage rate (APR)", said monthly statements do no show the finance charge and do not explain how an original cash advance in the amount of Two Thousand Three Hundred Dollars ($2,300.00) has become, as of December 2013, a cash advance in the amount of Six Thousand Four Hundred Ninety-Eight Dollars and forty-seven cents ($6,498.47).

21. Pursuant to 15 U.S.C. §1640(a), Plaintiff is entitled to recover his actual damages, statutory penalties, court costs and attorney fees.

22. Plaintiff further avers that under 12 U.S.C. §85 and 86, Bank of America has committed usury by adding continuing interest to Plaintiff's cash advance balance, thereby creating a new principal upon which interest continues to be added. Pursuant to 12 U.S.C. §85 and 86, Plaintiff is entitled to recover his actual damages as well as punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Curtis Musgrove brings this cause of action against the above-named Defendants and seeks an individual judgment against each Defendant as follows:

1. Actual damages in an amount to be determined by the Court;

2. Statutory damages under 15 U.S.C. §1640;

3. Court costs;

4. Attorney fees; and

5. Punitive damages in an amount to be determined by the Court.

Respectfully submitted, this the 12TH day of MARCH, A.D., 2014.

CURTIS MUSGROVE, PLAINTIFF

BY: _____
MICHAEL ADELMAN, ESQ.

MICHAEL ADELMAN, ESQ.
ADELMAN & STEEN, L.L.P.
POST OFFICE BOX 368
HATTIESBURG, MS 39403-0368
(601) 544-8291; (601) 544-1421 - FAX
MS BAR NO. 1153

COUNSEL FOR PLAINTIFF, CURTIS MUSGROVE