IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CURTIS MUSGROVE                                                        PLAINTIFF

V.                                               CIVIL ACTION NO. 2:14-CV-36-KS-MTP

DISCOVER FINANCIAL SERVICES, *et al.*                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **grants** the Motions for Summary Judgment [7, 9, 19] filed by Defendants. The Court will enter a separate final judgment in accordance with Rule 58.

*A.     Background*

In September 2009, Plaintiff received cash advances from each of the Defendant credit card companies – Discover, Bank of America, and Capital One. He claims that each Defendant's monthly statements failed to comply with the periodic statement provision of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1637(b), which requires consumer creditors to meaningfully disclose certain terms of the loan agreement. He also claims that Defendants committed usury in violation of the National Banking Act ("NBA"), 12 U.S.C. §§ 85, 86. Defendants filed motions to dismiss [7, 9, 19] under Rule 12(b)(6), which are ripe for review.

*B.     Standard of Review*

Defendants presented exhibits with their motions. "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All

parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). The Court has discretion to either consider or exclude the matters outside the pleadings. *Griffith v. Johnson*, 899 F.2d 1427, 1432 n. 2 (5th Cir. 1990).

The Court provided notice [27] to Plaintiff that it intended to consider the exhibits and treat the motions as ones for summary judgment under Rule 56. Plaintiff's counsel notified the Court via e-mail that Plaintiff had no additional materials to submit to the Court.

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## C.     *NBA Claims*

Plaintiff conceded his NBA claims. Accordingly, the Court grants Defendants'
Motions for Summary Judgment [7, 9, 19] as to those claims.

## D.     *TILA Claims*

Plaintiff alleged that Defendants violated 15 U.S.C. § 1637 by failing to "show
the finance charge" and to "explain how an original cash advance . . . has become" his
current balance. In briefing, Plaintiff clarified his claims, asserting that Defendants
violated 15 U.S.C. § 1637(b)(7).

TILA requires that monthly account statements under an open end consumer
credit plan – such as a credit card – include "[t]he balance on which the finance charge
was computed and a statement of how the balance was determined." 15 U.S.C. §
1637(b)(7). The implementing regulations clarify this provision, requiring that the
statement disclose:

> . . . [t]he amount of the balance to which a periodic rate was applied and
> an explanation of how that balance was determined, using the term
> Balance Subject to Interest Rate. When a balance is determined without
> first deducting all credits and payments made during the billing cycle, the
> fact and amount of the credits and payments shall be disclosed. As an
> alternative to providing an explanation of how the balance was
> determined, a creditor that uses a balance computation method identified
> in § 226.5a(g) may, at the creditor's option, identify the name of the
> balance computation method and provide a toll-free telephone number
> where consumers may obtain from the creditor more information about
> the balance computation method and how resulting interest charges were
> determined. If the method used is not identified in § 226.5a(g), the
> creditor shall provide a brief explanation of the method used.

12 C.F.R. § 226.7(b)(5). Section 226.5(g) provides that certain computation methods

may be described by name, including the "daily balance" method. 12 C.F.R. §
226.5a(g)(4).

     *1.   Capitol One*

Capitol One's periodic statement [19-1][1] includes a section titled "INTEREST
CHARGE CALCULATION," which provides the "Balance Subject to Interest Rate,"
divides the total balance into "Purchases" and "Cash Advances," and shows the
"Annual Percentage Rate (APR)" and "Interest Charge" applied to each balance. The
Capitol One statement [19-1] also provides the following disclosure:

> We use a method called Average Daily Balance (including new
> transaction). Under this method, we first calculate your daily balance: for
> each segment, 1) take the beginning balance and add in new transactions
> and the periodic interest charge on the previous day's balance, then 2)
> subtract any payments and credits for that segment as of that day. The
> result is the daily balance for each segment . . . .
>
> Next, to find your Average Daily Balance: 1) add the daily balances
> together for each segment, and 2) divide the sum by the number of days
> in the billing cycle.
>
> At the end of each billing cycle, we determine your interest charge as
> follows: 1) multiply your Average Daily Balance by the daily periodic rate
> (APR divided by 365) for that segment, and 2) multiply the result by the
> number of days in the billing period. NOTE: Due to rounding or a
> minimum interest charge, this calculation may vary from the interest
> charge actually assessed.

Therefore, the Court concludes that the Capitol One statement [19-1] fully
complies with the relevant section of TILA. It provides the "balance on which the

---

[1]Each Defendant provided an exemplar of its periodic statements [7-1, 7-2, 9-
2, 19-1]. Plaintiff has neither objected to the Court's consideration of these
statements nor provided any additional evidence of his own, despite being provided
an opportunity [27] to do so.

finance charge was computed," and a detailed explanation of "how the balance was determined." 15 U.S.C. § 1637(b)(7). The Court grants Capitol One's Motion for Summary Judgment [19] as to Plaintiff's TILA claim.

2.    *Discover*

Discover provided two periodic statements [7-1, 7-2]. The more recent one [7-2] includes a section titled "Interest Charge Calculation," which provides the "ANNUAL PERCENTAGE RATE (APR)," "BALANCE SUBJECT TO INTEREST RATE," and "INTEREST CHARGE." The statement also includes a section titled "How We Calculate Interest Charges," which provides: "We Use the Daily Balance Method (including current transactions) to calculate the Balance Subject to Interest Rate. For more information, please call us at 1-800-347-2683."

Therefore, the Court concludes that the Discover statement fully complies with the relevant section of TILA. It provides the "balance on which the finance charge was computed." 15 U.S.C. § 1637(b)(7). It also discloses the computation method used to calculate the balance subject to interest and provides a toll-free number to obtain more information. 12 C.F.R. §§ 226.7(b)(5), 226.5a(g)(4). The Court grants Discover's Motion for Summary Judgment [7] as to Plaintiff's TILA claim.

3.    *Bank of America*

Bank of America's periodic statement [9-2] includes a section titled "Interest Charge Calculation," which provides the "Annual Percentage Rate," "Balance Subject to Interest Rate," and "Interest Charges by Transaction Type." The statement also includes a section titled "CALCULATION OF BALANCE SUBJECT TO INTEREST

RATE," which provides:

Average Daily Balance Method (including new Purchases):

We calculate separate Balances Subject to an Interest Rate for Purchases and for each Introductory or Promotional Offer balance consisting of Purchases. We do this by: (1) calculating a daily balance for each day in the billing cycle, (2) adding all the daily balances together, and (3) dividing the sum of the daily balances by the number of days in the billing cycle.

To calculate the daily balance for each day in this statement's billing cycle, we: (1) take the beginning balance; (2) add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance; (3) add new Purchases, new Account Fees, and new Transaction Fees; and (4) subtract applicable payments and credits. If any daily balance is less than zero we treat it as zero.

Average Balance Method (including new Balance Transfers and new Cash Advances):

We calculate separate Balances Subject to an Interest Rate for Balance Transfers, Cash Advances, and for each Introductory or Promotional Offer balance consisting of Balance Transfers or Cash Advances. We do this by: (1) calculating a daily balance for each day in this statement's billing cycle; (2) calculating a daily balance for each day prior to this statement's billing cicle that had a "Pre-Cycle balance" – a Pre-Cycle balance is a Balance Transfer or a Cash Advance with a transaction date prior to this statement's billing cycle but with a posting date within this statement's billing cycle; (3) adding all the daily balances together; and (4) dividing the sum of the daily balances by the number of days in this statement's billing cycle.

To calculate the daily balance for each day in this statement's billing cycle, we: (1) take the beginning balance; (2) add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance; (3) add new Balance Transfers, new Cash Advances and Transaction Fees; and (4) subtract applicable payments and credits. If any daily balance is less than zero we treat it as zero.

To calculate a daily balance for each day prior to this statement's billing cycle that had a Pre-Cycle balance: (1) we take the beginning balance attributable solely to the Pre-Cycle balance (which will be zero on the transaction date of the first Pre-Cycle balance); (2) add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance; (3) and add only the applicable Pre-Cycle balances and their related Transaction Fees. We exclude from this calculation all transactions posted in previous billing cycles.

Therefore, the Court concludes that the Bank of America statement [9-2] fully complies with the relevant section of TILA. It provides the "balance on which the finance charge was computed," and a detailed explanation of "how the balance was determined." 15 U.S.C. § 1637(b)(7). The Court grants Bank of America's Motion for Summary Judgment [9] as to Plaintiff's TILA claim.

**E.      *Conclusion***

For these reasons, the Court grants Defendants' Motions for Summary Judgment [7, 9, 19]. The Court will enter a separate judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 22nd day of August, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE